IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK DARNELL GAY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0517-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Patrick Darnell Gay, appearing *pro se*, has filed a motion to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the motion should be denied.

I.

In 2004, petitioner was convicted of burglary of a habitation and sentenced to five years confinement. When he came up for parole in April 2006, petitioner was denied release to mandatory supervision. Petitioner challenged this decision in an application for state post-conviction relief. The application was dismissed for failure to comply with Tex. R. App. P. 73.1.[1] *Ex parte Gay*, No. 48,419-03 (Tex. Crim. App. Jan. 31, 2007). Petitioner then filed this action in federal district court. However, he did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. Because it plainly appeared from the face of the pleadings that petitioner failed to exhaust his state remedies,

---

[1] Rule 73.1 requires a person seeking state post-conviction relief in a non-capital felony case to file an application in the form prescribed by the Texas Court of Criminal Appeals. Petitioner failed to comply with this rule because his supporting facts and grounds for relief were not on the prescribed form. *See Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006).

the magistrate judge recommended that this case be summarily dismissed without prejudice. *Gay v. Quarterman*, No. 3-07-CV-0517-G (N.D. Tex. Apr. 5, 2007). That recommendation is currently pending before the district judge. On April 11, 2007, petitioner filed a motion to proceed *in forma pauperis* and submitted a certified copy of his inmate trust account statement. The court now determines that petitioner should be required to pay the statutory filing fee.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted a certified copy of his inmate trust account statement which shows that he has $66.11 on deposit with prison officials. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

**RECOMMENDATION**

Petitioner's motion to proceed *in forma pauperis* [Doc. #11] should be denied. Petitioner should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 16, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE